ORIGINAL

LINES IN DISTRICT COURT
NORTHERN DIST. OF TX
FILED

#43637

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

SEP 22 PM 1:29

DEPUTY CLERK

| | |
|---|---|
| LEA BLOTTIN, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| MARY KAY INC., | § |
| | § |
| Defendant. | § |

3-10CV1905-M

CIVIL ACTION NO. _____

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Sections 1332, 1441(b), and 1446, Defendant Mary Kay Inc. ("MKI") removes the action brought by Plaintiff Lea Blottin ("Plaintiff") in the 160th District Court, Dallas County, Texas, and states:

### BACKGROUND FACTS

1.  Plaintiff filed an Original Petition (the "Petition") on or about July 28, 2009. *See* Appendix 8-14, Exhibit B. The case is styled *Lea Blottin v. Mary Kay Inc.*, No. DC-09-09736, in the 160th District Court, Dallas County, Texas. *See* Appendix 18, Exhibit E. MKI was personally served with the Petition on September 3, 2009. *See* Appendix 16-17, Exhibit D.

2.  The Petition includes a claim of retaliation and specifically mentions only one statute: the Texas Labor Code. *See* Appendix 8-14, Exhibit B. A certified copy of the entire case file of the court below, including the clerk's docket sheet, is found in the Appendix filed with this Notice of Removal and incorporated by reference herein. *See* Appendix 1-850, Exhibits A-LLLL.

3.  In Plaintiff's deposition on September 14, 2010, she claimed for the first time that her retaliation claim in this litigation is based not only on supposed opposition to alleged race discrimination, but also on alleged retaliation in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* (the "FMLA"). *See* Appendix 851-872, Exhibit MMMM. Plaintiff volunteered this clarification of her retaliation claim in the following exchange:

Q     What is it that you allege [your supervisor] did that was unlawful?
A     Retaliated against me.
Q     For what?
A     For opposing discriminatory comments that she made and reporting it, as well as demoting me after I returned from an FMLA leave.
Q     Do you contend that she demoted you because you took FMLA leave?
A     Yes. That is not the sole reason.
Q     I want to make sure I understand the basis for your retaliation claim. You've essentially told me three things. One, for opposing what you called discriminatory remarks; two, reporting those remarks; and three, because you took FMLA leave; is that correct?
A     That is correct.
Q     Is there anything else that you contend forms the basis of your retaliation claim?
A     Not at this point in time, no.

*See* Appendix 858, Exhibit MMMM at 18/4-23.

4.     Additionally, during her employment, Plaintiff provided a document to MKI's human resources department stating that she had committed a "mistake" that caused her supervisor to retaliate against her. In her deposition, Plaintiff clarified that the "mistake" to which she was referring was taking FMLA leave. *See* Appendix 859-865, 871, Exhibit MMMM at 101/17-102/6, 103/15-21, 113/25-115/11, 115/12-116/12 and Dep. Ex. 24 (page 3). The deposition testimony represents Plaintiff's first allegation of FMLA retaliation in this case.

5.     The day after her deposition, Plaintiff served MKI with her "Fourth Supplemental Responses to Defendant's Request for Disclosures." *See* Appendix 873-888, Exhibit NNNN. In those disclosures, Plaintiff named for the first time a witness she describes as "a former employee of MKI who has knowledge of MKI's pattern and practice of violating employees' FMLA rights and of retaliating against employees who take FMLA leave." *See* Appendix 881, Exhibit NNNN at p. 8. This was the first reference to the FMLA in Plaintiff's written discovery responses.

## FEDERAL QUESTION REMOVAL

6.     "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a

copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b).  Plaintiff's deposition testimony and supplemental disclosures constitute Plaintiff's assertion of an FMLA retaliation claim in this case and, as such, are the "other paper" supporting federal question removal.

7.      Courts have relied on this "other paper" language in the removal statute to determine whether subject matter jurisdiction exists because of a federal question.  *Eggert v. Britton*, 223 Fed. Appx. 394, 397 (5th Cir. 2007).  "The Fifth Circuit has indicated that the 'other paper' conversion requires a *voluntary act by the plaintiff.*"  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).  While some courts relying on the "other paper" provision with respect to federal question removal have limited their use of deposition testimony to that used "to clarify the nature of the existing claim," that is precisely what Plaintiff's deposition testimony does.  Specifically, Plaintiff voluntarily clarified that alleged FMLA retaliation forms "the basis for [her] retaliation claim."  That this was her intent is bolstered by the supplemental disclosures she voluntarily provided the day after her deposition, in which she, for the first time, named a witness whom she claims "has knowledge of MKI's pattern and practice of violating employees' FMLA rights and of retaliating against employees who take FMLA leave."  *See* Appendix 881, Exhibit NNNN at p. 8.  Obviously, such supposed knowledge would be irrelevant if the basis for Plaintiff's retaliation claim were limited to opposing racially discriminatory practices.  *See O'Keefe v. State Farm Fire & Cas. Co.*, 2009 WL 95039 (S.D. Miss. Jan. 13, 2009) (holding lawsuit became removable under federal question jurisdiction when plaintiff served written discovery responses clarifying existing claim).

8.      Based on the federal question raised by Plaintiff, this Court has original jurisdiction of this civil action under 28 U.S.C. § 1331.  This action may be removed to this Court

3

pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action arising under the laws of the United States. This Court may exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

## OTHER MATTERS RELATED TO REMOVAL

9.      Venue lies in the Northern District of Texas, Dallas Division, because Plaintiff filed her state action in this judicial district and division. *See* 28 U.S.C. § 1441(a).

10.     As explained above, this Notice of Removal is filed in accordance with and within the time permitted by 28 U.S.C. § 1446(b).

11.     A copy of this Notice of Removal is also being filed with the Clerk of the court in which this action was filed. Moreover, as evidenced by the attached Certificate of Service, written notice of the filing of this Notice of Removal has been provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

Based on the foregoing, MKI respectfully requests that this action, pending in the 160th District Court, Dallas County, Texas, be removed to this Court, and for any further relief to which it may be entitled.

DATED:  September 22, 2010.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Ron Chapman, Jr.* (by permission - LAD)
_____
Ron Chapman, Jr.
Texas Bar No. 00793489
ron.chapman@ogletreedeakins.com
Lisa A. Dreishmire
Texas Bar No. 00790609
lisa.dreishmire@ogletreedeakins.com
Dallan F. Flake
Texas Bar No. 24055481
dallan.flake@ogletreedeakins.com
700 Preston Commons
8117 Preston Road
Dallas, Texas 75225
Telephone: (214) 987-3800
Facsimile: (214) 987-3927

**ATTORNEYS FOR DEFENDANT MARY KAY INC.**


**CERTIFICATE OF SERVICE**

I certify that on September 22, 2010, I served this document on Plaintiff's counsel Brian P. Sanford, Sanford Bethune, 3610 Shire Blvd., Suite 206, Richardson, Texas 75082, by sending it via First Class Certified Mail (RRR #7160 3901 9848 7468 2474).

*Ron Chapman, Jr.* (by permission - LAD)
_____
Ron Chapman, Jr.

9174893.2 (OGLETREE)

%JS 44 (TXND Rev. 2/10)

# ORIGINAL
## CIVIL COVER SHEET

BY _____
SEP 2 2 2010

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lea Blottin

### DEFENDANTS
Mary Kay Inc.

**3 - 1 0 C V 1 9 0 5 - M**

(b) County of Residence of First Listed Plaintiff  Collin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brian P. Sanford, Sanford Bethune, 3610 Shire Blvd., Suite 206, Richardson, TX 75082, 972.422.9777

Attorneys (If Known)
Ron Chapman, Jr., Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 8117 Preston Rd., Suite 700, Dallas, TX 75225, 214.987.3800

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA")
Brief description of cause:
Alleged retaliation in violation of the FMLA and Texas law

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions)
N/A
JUDGE _____
DOCKET NUMBER _____

DATE  9/22/10
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# ORIGINAL

## United States District Court
## Northern District of Texas



RECEIVED
BY
SEP 2 2 2010
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office.  Additional sheets may be used as necessary.**

1.   **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| 160th Judicial District Court<br>Dallas County, Texas | DC-09-09736 |

Case Number  3 - 1 0 C V 1 9 0 5 - M

2.   **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| Party and Party Type | Attorney(s) |
|---|---|
| Lea Blottin, Plaintiff | Brian P. Sanford<br>Texas Bar No. 17630700<br>Ashley E. Tremain<br>Texas Bar No. 24066209<br>Sanford Bethune<br>3610 Shire Blvd., Suite 206<br>Richardson, TX  75082<br>(972) 422-9777 |
| Mary Kay Inc., Defendant | Ron Chapman, Jr.<br>Texas Bar No. 00793489<br>Lisa A. Dreishmire<br>Texas Bar No. 00790609<br>Dallan F. Flake |

**Supplemental Civil Cover Sheet**
**Page 2**

Texas Bar No. 24055481
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
8117 Preston Road, Suite 700
Dallas, TX  75225
(214) 987-3800

3.　　**Jury Demand:**

Was a Jury Demand made in State Court?　　✗ Yes　__No

If "*Yes*," by which party and on what date?

Plaintiff_____　　7/28/09_____
Party　　　　　　　　　　　　　　Date

4.　　**Answer:**

Was an Answer made in State Court?　　✗ Yes　__No

If "*Yes*," by which party and on what date?

Defendant_____　　09/28/09 and 05/07/10
Party　　　　　　　　　　　　　　Date

5.　　**Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
|-------|--------------------------|
| N/A   | N/A                      |

6.　　**Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for
that change:

| Party | Reason |
|-------|--------|
| N/A   | N/A    |

2

**Supplemental Civil Cover Sheet**
**Page 3**

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| <u>Party</u> | <u>Claim(s)</u> |
|---|---|
| Plaintiff | Employment retaliation in violation of the Family and Medical Leave Act and the Texas Labor Code |

9183817.1 (OGLETREE)

3