

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

SEP 1 8 2012

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

LEA BLOTTIN,  §
§
    Plaintiff  §
§
vs.  §    NO. 3:10-CV-01905-M
§
MARY KAY, INC.,  §
§
    Defendant.  §

## JOINT PRETRIAL ORDER

TO THE HONORABLE U.S. DISTRICT COURT:

    COME NOW Lea Blottin and Defendant Mary Kay, Inc., and pursuant to Local Rule 16.4, submit the following Joint Pretrial Order:

**A.    SUMMARY OF CLAIMS AND DEFENSES:**

    **1.    PLAINTIFF'S CONTENTIONS:**

    Lea Blottin ("Blottin" or "Ms. Blottin") contends that Mary Kay, Inc. ("Mary Kay") interfered with her rights under the Family Medical Leave Act (FMLA), 29 U.S.C. 2601, *et seq.*, and retaliated against her both for taking FMLA leave, and for opposing race discrimination as protected under 42 U.S.C. § 1981 ("Section 1981").

    Ms. Blottin seeks to recover lost wages and benefits; compensatory, punitive, and liquidated damages; attorneys' and expert fees and expenses; injunctive and declaratory relief; interest as provided by law; and costs of suit. Her injunctive and declaratory relief are based on 28 U.S.C. §§ 2201 and 2202.

2.     **DEFENDANT'S CONTENTIONS:**[1]

Mary Kay denies interfering with Blottin's rights under the FMLA. Mary Kay further denies retaliating against Blottin for taking FMLA leave or for allegedly opposing race discrimination pursuant to Section 1981. Mary Kay contends that the employment actions about which Blottin complains were taken for legitimate, non-discriminatory, and non-retaliatory reasons. Mary Kay further contends that Blottin's working conditions were not so intolerable that a reasonable person would have felt compelled to resign.

Mary Kay contends that Blottin is not entitled to damages for any of the claims she asserts and further contends that if damages are considered, she failed to mitigate those damages.


**B.     STATEMENT OF STIPULATED FACTS:**

1.     All parties are properly before this Court.

2.     Mary Kay is a manufacturer and wholesale distributor of cosmetics, toiletries, fragrances and related items. Mary Kay sells its products solely to members of its independent sales force, who in turn market and sell the products to their customers.

3.     Ms. Blottin was employed by Mary Kay from September 3, 1991, to July 2, 1999, in the Customer Service Department, and again from May 21, 2000, to February 6, 2009, in the Promotional Forecasting group.

4.     Ms. Blottin was an employee of Mary Kay and not an independent sales force member.

---

[1] Mary Kay objects to Plaintiff's contentions and incorporates herein its pretrial objections and Motion in Limine, to be subsequently filed with the Court.

5.      From May 2000 until August 2006, Ms. Blottin reported to Harriet Ferguson who held the position of Director, Promotional Forecasting.

6.      In April 2006, Mary Kay promoted Ms. Blottin to the position of Supervisor and then on September 1, 2006, Ms. Blottin was promoted to the position of Manager, Promotional Forecasting.

7.      Blottin's promotion to Supervisor occurred after Harriet Ferguson was diagnosed with a serious illness.  Her promotion to Manager occurred after Harriet Ferguson passed away in August 2006.

8.      As Manager, Promotional Forecasting, Ms. Blottin reported to Carla Joiner, a Vice-President in the Finance Division of Mary Kay.

9.      Ms. Joiner reported directly to the Company's Chief Financial Officer ("CFO"), Terry Smith, and supervised three other groups in the Finance Division.

10.      Ms. Blottin began supervising Annetta Gower after she was promoted to the position of Supervisor.  After she became a Manager, two additional positions were approved under Ms. Blottin's supervision which were filled by Sarah Henline and Jana Woods Glod in May 2006 and November 2006, respectively.

11.      In January 2007, Ms. Blottin was given a performance review for the year 2006, and her score was a 291.

12.      On October 29, 2007, Ms. Blottin met with Ms. Joiner and was provided an "Expectations List" by Ms. Joiner during the meeting.

13.    Following the meeting with Ms. Joiner, Ms. Blottin met with Sarah Spence, a Human Resources Generalist, and reported concerns about Ms. Joiner.

14.    During the meeting with Ms. Spence on October 29, 2007, Ms. Spence suggested to Ms. Blottin that Ms. Blottin might want to take FMLA leave.

15.    Mary Kay approved FMLA leave for Ms. Blottin from October 30, 2007, to January 7, 2008.

16.    Ms. Henline and Ms. Glod reported concerns about Ms. Blottin to the Human Resource Department on November 11, 2007, while Ms. Blottin was on leave.

17.    During her FMLA leave, Ms. Blottin met with another member of the Mary Kay Human Resources Department, Shelley Dobmeier.

18.    The meeting between Ms. Dobmeier and Ms. Blottin occurred on December 10, 2007.  During this meeting Ms. Blottin handed Ms. Dobmeier a four-page list of concerns entitled "Concerns for Mary Kay Corp. and Sales and Marketing Forecasting and Analysis Department."  Among the list of complaints contained in this document, Ms. Blottin alleged that Ms. Joiner made a racially discriminatory comment during the recruiting/hiring process.

19.    When Ms. Blottin returned from leave, she was demoted and placed in the position of Promotional Forecasting Analyst, with no reduction in her pay, and switched from a laptop computer to a desktop computer.

20.    Ms. Blottin ended her employment with Mary Kay on February 6, 2009.

## C.   CONTESTED ISSUES OF FACT:

### *Plaintiff's Contested Issues of Fact:*

1.     Whether Mary Kay violated the FMLA by failing to return Ms. Blottin to the same or equivalent position she held when her FMLA leave commenced.

2.     Whether, following her return from FMLA leave, Ms. Blottin was subjected to materially adverse actions because she exercised her rights under the FMLA.

3.     Whether, following reporting race discrimination by Ms. Joiner, Ms. Blottin was subjected to materially adverse actions because she made complaints of race discrimination.

4.     Whether Ms. Blottin was constructively discharged.

5.     The amount of damages, if any, Ms. Blottin suffered as result of any violation by Mary Kay of FMLA or Section 1981.

6.     Whether Mary Kay acted knowingly and willfully in a manner that supports exemplary damages.

*Defendant's Contested Issues of Fact:* [2]

1.       Whether Blottin engaged in activity protected by Section 1981.

2.       Whether Blottin's poor performance and inability to supervise and manage others resulted in the decision to demote her to the Analyst position in November 2007.

3.       Whether Blottin engaged in activity protected by Section 1981 before Mary Kay made the decision to demote her to the Analyst position in November 2007.

4.       Whether Blottin's work conditions were so intolerable that a reasonable person would have felt compelled to resign on February 6, 2009.

5.       Whether Mary Kay created an intolerable environment in order to force Blottin to resign because she had taken FMLA leave or engaged in activity protected by Section 1981.

6.       Whether Blottin gave Mary Kay the opportunity to remedy the working environment that she claims was so intolerable that it forced her to resign.

7.       Whether Blottin would have been entitled to be restored the position as Manager when she returned from FMLA leave despite the performance problems being addressed by Mary Kay before she went on FMLA and others later discovered while she was on FMLA leave.

8.       Whether Blottin made reasonable efforts to mitigate her damages.

9.       Whether Blottin suffered a specific, discernible injury to her emotional state, more than mere worry, anxiety, vexation, embarrassment, or anger, as a result of Mary Kay's actions.

10.       Whether Mary Kay's conduct was undertaken in willful violation of the FMLA.

---

[2] Mary Kay objects to numerous contested issues of fact raised by Blottin and incorporates herein its pretrial objections and motion in limine, where applicable.

## D.   CONTESTED ISSUES OF LAW

*Plaintiff's Contested Issues of Law:[3]*

### 1.   Hostile Work Environment

Ms. Blottin contends she is entitled to damages related to hostile work environment under FMLA and Section 1981.

### 2.   Pattern and Practice

Ms. Blottin contends she should be able to provide evidence of Mary Kay's pattern and practice of retaliating for opposing or reporting discrimination or taking FMLA leave.

### 3.   Extent of Protected Opposition

Ms. Blottin contends that her opposition to discrimination should be protected as long as the opposition is known, regardless of the formalities of the communication.  Specifically, Ms. Blottin's refusal to participate in the race discrimination should be protected from retaliation.

*Defendant's Contested Issues of Law:[4]*

1.     Whether Blottin will be permitted to claim retaliatory hostile work environment when no claim for retaliatory hostile work environment is recognized by the Fifth Circuit and when this claim has already been dismissed on Summary Judgment on January 6, 2012 and confirmed by this Court on February 17, 2012.

---

[3] Additional contested issues of law may arise from disagreements regarding the proposed jury charge.
[4] Mary Kay reserves the right to identify additional contested issues of law after the parties exchange proposed jury charge.

2.    Whether Blottin's purported good faith complaint to Mary Kay about a racist comment she alleges was made about an African-American candidate for employment can form the basis for a retaliation complaint under Section 1981 when there is no underlying complaint that the African-American candidate was the victim of race discrimination under Section 1981.

3.    Whether Blottin can claim constructive discharge for the decision to demote her that she claims is a result of retaliation for taking FMLA leave and her report under Section 1981, both of which occurred in late 2007, when she resigned in February 2009.

4.    Whether Blottin can claim a right to be restored to the position of Manager when she would not have been entitled to retain that position even if she had not taken FMLA leave.

5.    Whether Blottin gave Mary Kay the opportunity to remedy the working environment that she claims was so intolerable that it forced her to resign.

6.    Whether Blottin will be permitted to introduce evidence of "pattern and practice" of retaliation through comparison witnesses who are not similarly situated and whose experiences are not "nearly identical" or "closely related" to Blottin's experience.

    a.    Blottin claims constructive discharge; therefore, the focus is on *Blottin* and proof that *her* working conditions were made so intolerable as a direct result of protected activity that a reasonable employee would feel compelled to resign. *See Brown v. Kinney Shoe Corp.,* 237 F.3d 556, 566 (5th Cir. 2001), *cert. denied,* 534 U.S. 817 (2001). Thus the only relevant testimony and evidence that should be presented involves facts relating *specifically to Blottin, her* performance and other direct actions that purportedly lead to *her* resignation.

*See Hockman v. Westward Communications*, 2004 WL 2980351, at \*11 (5th Cir. Dec. 22, 2004) (quoting *Barrow v. New Orleans Steamship Assoc.*, 10 F.3d 292, 297 (5th Cir. 1994)).

b.  Evidence of similar occurrences for purposes of comparison must prove that both the misconduct and the circumstances of the proposed comparator are nearly identical to that of Blottin. *Tapp v. Mead Johnson & Co.*, No. 3:06-CV-1580, 2009 U.S. Dist. LEXIS 13438, at \*4 (N.D. Tex. Feb. 9, 2009) (citing *Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 213 (2004)); *see also Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514-15 (5th Cir. 2001). The inquiry of whether or not evidence of other employees' alleged discrimination is admissible depends on many factors, including **how closely related** the evidence is to the plaintiff's circumstances and theory of the case. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008); *see also Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1210 (D. Kan. 2008) (excluding "me too" witnesses and anecdotal testimony); *Price v. Rosiek Co.*, 509 F.3d 704, 707-08 (5th Cir. 2007) (same).

c.  "The pattern and practice method of proof is almost exclusively used in class actions, with individual racial discrimination plaintiffs confined to the *McDonnell Douglas* framework." *Celestine v. Petroleos de Venezuela, SA*, 266 F.3d 343, 355 (5th Cir. 2001) (citing *Scarlett v. Seaboard Coast Line R.R. Co.*, 676 F.2d 1043, 1053 (5th Cir. 1982); *see also Corley v. La. ex rel. Div. of*

*Admin. Office of Risk Mgmt.,* 2010 U.S. Dist. LEXIS 84516, at *5 (M.D. La. Aug. 16, 2010) ("to the extent the plaintiff alleged unrelated discriminatory actions by the defendants against other African-American employees in the agency where she worked […] the events are irrelevant to the plaintiff's individual claims of discrimination/retaliation.").

7.       Whether Blottin can present legally sufficient evidence to establish that Mary Kay deliberately created an intolerable work environment to force Blottin to resign because she had taken FMLA leave or engaged in activity protected by Section 1981.

8.       Whether Blottin can present legally sufficient evidence to establish that she gave Mary Kay the opportunity to remedy the working environment that she claims was so intolerable that it forced her to resign.

9.       Whether Blottin's position as Manager at Mary Kay would have been available to her at the time job restoration was sought after her FMLA leave for reasons unrelated to the leave.

10.      Whether Blottin can present legally sufficient evidence to establish that her working conditions were so intolerable that any reasonable person would have felt compelled to resign on February 6, 2009.

11.      Whether Blottin can present legally sufficient evidence to support her claim for front-pay damages, plus pre-judgment interest.

12.      Whether Mary Kay can present legally sufficient evidence to establish that Blottin did not make reasonable efforts to mitigate her damages.

13.     Whether Blottin can present legally sufficient evidence to establish that she has suffered an injury to her emotional state caused by Mary Kay sufficient for consideration of non-pecuniary compensatory damages, if statutorily authorized.

14.     Whether Blottin can provide legally sufficient evidence to support her claim for mental anguish and other such compensatory damages alleged to have been caused by Mary Kay's conduct, if statutorily authorized.

15.     Whether Blottin can provide legally sufficient evidence that Mary Kay's conduct was maliciously or recklessly indifferent to Blottin's federally-protected rights under Section 1981.

16.     Whether Blottin can establish legally sufficient evidence that Mary Kay acted willfully in allegedly violating the FMLA.

17.     Whether Blottin is entitled to reasonable attorneys' fees and costs and if so, what amount.

18.     Whether Blottin's resignation was voluntary and therefore bars her claim for lost wages after the date of separation from Mary Kay.

19.     Whether Blottin is entitled to recover prejudgment interest and if so, the rate of interest.

20.     Mary Kay asserts that it is entitled to have this Court apply any and all applicable damage caps and limitations, should the jury award damages for any claim asserted by Blottin.

21.     Whether Mary Kay undertook good faith efforts to comply with the FMLA such that liquidated damages should not be awarded, if liability under the FMLA is found.

**F.    ESTIMATED LENGTH OF TRIAL**

Plaintiff and Defendant both estimate that it will take 5-6 days to complete this trial.  A jury has been demanded.

**G.    ADDITIONAL MATTERS THAT MIGHT AID DISPOSITION OF THE CASE:**

1.    Determination of any pending pretrial motions.

2.    Consideration of a jury questionnaire.

Signed this _____ 18th ____ day of _____ September ____, 2012

U.S. DISTRICT COURT JUDGE

Respectfully submitted,

 

 

 

    */s/ Brian P. Sanford*
Brian P. Sanford
Texas Bar No. 17630700
David B. Norris
Texas Bar No. 24060934
bsanford@sanfordbethune.com
dnorris@sanfordbethune.com

SANFORDBETHUNE
3610 Shire Blvd., Suite 206
Richardson, TX  75082
Telephone:  972.422.9777
Facsimile:  972.422.9733

**ATTORNEYS FOR PLAINTIFF
LEA BLOTTIN**

Respectfully submitted,

**GRUBER HURST JOHANSEN HAIL SHANK LLP**

 

/s/ A. Shonn Brown
Michael K. Hurst
Texas Bar No. 10316310
mhurst@ghjlaw.com
A. Shonn Brown
Texas Bar No. 24007164
sbrown@ghjhlaw.com

 

1445 Ross Avenue, Suite 2500
Dallas, Texas  75202
Telephone: 214.855.6865
Facsimile:  214.855.6808

**ATTORNEYS FOR DEFENDANT
MARY KAY INC.**