ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 25 2012
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| LEA BLOTTIN, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § No. 3:10-cv-1905-M |
| | § |
| MARY KAY, INC., | § |
| | § |
| Defendant. | § |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

### GENERAL INSTRUCTIONS

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case. The facts are for you to determine.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and do not constitute instructions on the law. They are intended only to assist you, the jury, in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

Throughout these instructions I will refer to the "Plaintiff" and the "Defendant." The Plaintiff, as you recall, is Lea Blottin, and the Defendant is Mary Kay, Inc.

You must answer all questions from a "preponderance of the evidence." By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed by the Court, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. The Plaintiff has the burden of proof by a preponderance of the evidence, except where stated otherwise.

You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness, you should consider his or her relationship to the Plaintiff or the Defendant; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her candor, fairness and intelligence; his or her opportunity to observe or acquire knowledge concerning the facts and whether his or her testimony has been supported or contradicted by other credible evidence. You may accept or reject the testimony of any witness in whole or in part.

A witness may be "impeached," or discredited, by a showing that the witness testified falsely concerning some important fact, or by evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.

So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

You have heard references to and testimony from depositions. A deposition is the sworn, recorded answers to questions asked of a witness in advance of the trial. You should attach no significance to the fact that some depositions were video recorded and others were not.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

In deciding the facts of this case, you must not be swayed by bias, prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider

all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences. A corporation and all other persons stand equal before the law and are to be dealt with as equals in a court of justice.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Similarly, certain charts or illustrations prepared by a party have been shown to you during this trial. If your recollection of the evidence differs from the chart or illustration, rely on your recollection.

## SPECIFIC INSTRUCTIONS

Plaintiff's claim arises under two statutes: (1) the Family Medical Leave Act, which I will refer to as the "FMLA;" and (2) the Civil Rights Act of 1866, as amended, 42 U.S.C § 1981, which I will refer to as "Section 1981."

### FMLA—JOB RESTORATION

It is unlawful for an employer to interfere with, restrain, or deny the actual or attempted exercise of any right provided by the FMLA. FMLA rights include: (1) requesting or taking leave under the FMLA; (2) having the employer maintain certain employment benefits during leave; and, (3) once leave is completed, being restored by the employer to the position of employment the employee held when leave commenced, or to an equivalent position. An "equivalent position" is one that is virtually identical to the position the employee held at the time leave commenced, with equivalent employment benefits, pay, and other terms and conditions of employment. Plaintiff was entitled to job restoration even if she was replaced while on leave or her position was restructured to accommodate the leave.

Nonetheless, Plaintiff's exercise of FMLA leave rights does not entitle her to greater rights to continued employment or employment benefits than any of her fellow employees who did not exercise FMLA leave rights. Thus, Defendant was not required to restore Plaintiff to the same or an equivalent position if Defendant proves Plaintiff would have been demoted from her manager position even if Plaintiff had not exercised her FMLA leave rights. To prevail in this case, Plaintiff must prove by a preponderance of the evidence that:

1. Plaintiff sought to return to employment with Defendant following FMLA leave; and

2. Defendant failed to restore Plaintiff to the same position she held at the time FMLA leave commenced, or to an equivalent position.

Page **5 of 18**

It does not matter whether Defendant intended to violate the FMLA. If Defendant denied Plaintiff a right to which she was entitled under the FMLA, then Plaintiff has met her burden.

However, if Plaintiff proves Defendant failed to restore her to the same or an equivalent position, Defendant may prevail by proving, by a preponderance of the evidence, that Defendant would have demoted Plaintiff at the time she sought job restoration, because of reasons unrelated to the leave. The issue is whether the reasons are related to the leave, not whether the reasons were right or wrong. An employer may make employment decisions as it sees fit, as long as the decisions are not unlawful, even if the employer is mistaken or its business judgment is wrong, and in doing so, the employer is entitled to consider facts the Defendant learns during the Plaintiff's leave.

## FMLA—Retaliation

It is unlawful for an employer to retaliate against an employee for engaging in FMLA-protected activity.

Plaintiff claims that she was demoted and constructively discharged by Defendant because she engaged in FMLA-protected activity, namely taking FMLA leave. Defendant denies Plaintiff's claims.

Defendant contends that it demoted Plaintiff for reasons unrelated to her FMLA leave, and that it did not constructively discharge Plaintiff.

To prevail in this case, Plaintiff must prove by a preponderance of the evidence that:

1. She engaged in FMLA-protected activity;
2. Defendant demoted or constructively discharged Plaintiff; and
3. Defendant demoted or constructively discharged Plaintiff *because* she engaged in FMLA-protected activity.

Plaintiff does not have to prove that Plaintiff's FMLA-protected activity is the only reason Defendant demoted or constructively discharged Plaintiff.

The issue is whether Plaintiff was demoted or constructively discharged because she took leave, not whether the Defendant's reasons were otherwise right or wrong. An employer may make employment decisions as it sees fit, as long as the decisions are not unlawful, even if the employer is mistaken or its business judgment is wrong, and in doing so, the employer is entitled to consider facts the Defendant learns during the Plaintiff's leave.

If you disbelieve the reason(s) Defendant has given for its decision, you may infer Defendant demoted or constructively discharged Plaintiff because of her FMLA-protected activity.

### SECTION 1981—RETALIATION

It is unlawful for an employer to demote or constructively discharge an employee because she engaged in activity protected by Section 1981.

Protected activity under Section 1981 includes making a good-faith report of race discrimination for the purpose of protecting another employee or potential employee from an employment practice that discriminates on the basis of race, making a charge of discrimination based on race, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing concerning discrimination based on race.

Plaintiff claims that Defendant retaliated against her for making a good-faith report of racially discriminatory remarks. Defendant denies that Plaintiff engaged in protected activity under Section 1981, and claims that any actions taken against Plaintiff were for reasons unrelated to any report by Plaintiff of racially discriminatory remarks.

To prove unlawful retaliation under Section 1981, Plaintiff must prove by a preponderance of the evidence that:

1. Defendant demoted or constructively discharged Plaintiff because she made a good-faith report of race discrimination; and

2. Defendant would not have demoted or constructively discharged Plaintiff *but for* Plaintiff's good-faith report of race discrimination.

As used in this instruction, "but for" means that if Plaintiff had not made a good-faith report of race discrimination, Plaintiff would not have been demoted or constructively discharged. Although there may be more than one cause, to find "but for" causation, you must find that Defendant would not have demoted or constructively discharged Plaintiff had she not made a good-faith report of race discrimination.

## CONSTRUCTIVE DISCHARGE

Plaintiff's employment with Mary Kay ended when she tendered her resignation. Plaintiff contends that she was "constructively discharged." Defendant claims that her resignation was voluntary.

To find that Plaintiff was constructively discharged, you must find that Plaintiff has proven by a preponderance of the evidence that Defendant made Plaintiff's working conditions so intolerable that a reasonable person in Plaintiff's position would have felt compelled to resign.

Whether a resignation is to be considered a constructive discharge is to be determined from the perspective of a reasonable person, not from the subjective view of the Plaintiff. In other words, the question is not whether Plaintiff personally felt that her working conditions were so intolerable that she was compelled to resign, but whether a reasonable employee in Plaintiff's situation would have felt compelled to resign under the same conditions.

The relevant inquiry is what Plaintiff's working conditions were at the time of her resignation.

Petty slights, minor annoyances or intangible changes in her job duties, such as the loss or addition of minor responsibilities, are not enough by themselves to establish that the Plaintiff was constructively discharged.

You may weigh many different factors in determining whether Plaintiff was constructively discharged, including, but not limited to:

1. Whether Plaintiff was demoted;

2. Whether Plaintiff's salary was reduced;

3. Whether Plaintiff incurred a meaningful reduction in her job responsibilities;

4. Whether Plaintiff was reassigned to menial or degrading work;

5. Whether Plaintiff was reassigned to a younger, less qualified or less experienced supervisor;

6. Whether Defendant badgered, harassed, or humiliated Plaintiff with the intent to encourage Plaintiff's resignation; and

7. Whether Defendant made offers of early retirement to Plaintiff that would have made her worse off, whether the offer was accepted or not.

Discharging an employee, constructively or otherwise, is not itself unlawful. Instead, to succeed on her claims Plaintiff must show that she was constructively discharged or otherwise retaliated against *because of* actions she took that are protected under either the FMLA or Section 1981.

## DAMAGES

If you find that Defendant violated the FMLA or Section 1981, then you must determine whether Defendant has caused Plaintiff damages and, if so, the amount, if any, of those damages.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence, not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much certainty and accuracy as the circumstances permit.

For Plaintiff's FMLA claim, consider the following elements of damages, and no others: any wages, salary, employment benefits, or other compensation denied or lost because of Defendant's violation of the FMLA.

Wages, salary, and benefits include the amounts the evidence shows Plaintiff would have earned had Plaintiff not been demoted or constructively discharged, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., less the earnings and benefits Defendant proves Plaintiff received in the interim.

With respect to Plaintiff's claim for retaliation under Section 1981, you may award Plaintiff wages, salary, and other employment benefits as defined above for the FMLA, but Plaintiff may recover only once, if at all, for the same damages. For a violation of Section 1981 you may also award compensatory damages. There is no exact standard for determining compensatory damages. If you find that Defendant retaliated against Plaintiff in violation of her rights under Section 1981, you are to determine an amount that will fairly compensate Plaintiff for any injury she has sustained, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Do not include as compensatory damages back pay, interest on back pay and/or other employment benefits.

### MITIGATION OF ECONOMIC DAMAGES

Defendant asserts that Plaintiff failed to mitigate her damages. To prevail on this defense, Defendant must show, by a preponderance of the evidence, the following:

1. There were "substantially equivalent employment" positions available;

2. Plaintiff failed to use reasonable diligence in seeking those positions; and

3. The amount by which Plaintiff's damages were increased by her failure to take such reasonable actions.

"Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position that Plaintiff lost. Plaintiff does not have to accept a job that is dissimilar to the one she lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of the individual characteristics of Plaintiff and the job market.

### SECTION 1981—MALICE / RECKLESS INDIFFERENCE

If you find that Defendant retaliated against Plaintiff in violation of Section 1981, you must find the following:

1. Whether the individual who engaged in the retaliatory conduct was a managerial employee of Mary Kay;

2. Whether he or she engaged in the retaliatory conduct while acting in the scope of his or her employment; and

3. Whether he or she acted with malice or reckless indifference to Plaintiff's federally protected right to be free from retaliation.

If Plaintiff has proven these facts, then you must determine if Defendant proved by a preponderance of the evidence that the retaliatory conduct was contrary to the employer's good-faith efforts to prevent discrimination in the workplace.

In determining whether a Mary Kay employee was a "managerial employee," you should consider the type of authority that employee had over Plaintiff and whether Defendant delegated employment decisions to that employee.

An action was in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate Section 1981.

In determining whether Defendant made "good-faith efforts" to prevent retaliation in the workplace, you may consider things like whether it adopted anti-discrimination and retaliation policies, whether it educated its employees on the federal anti-discrimination and retaliation laws, and how it responded to any complaint by Plaintiff of discrimination or retaliation.

# JURY QUESTIONS

### Question No. 1

Has Plaintiff proved by a preponderance of the evidence that Defendant failed to restore Plaintiff to the same or an equivalent job position upon Plaintiff's return from FMLA leave?

Answer "Yes" or "No."

_Yes_

### Question No. 2

*Answer only if you answered "yes" to Question No. 1*

Has Defendant proved by a preponderance of the evidence that Defendant would have demoted Plaintiff at the time she sought job restoration because of reasons unrelated to Plaintiff's FMLA leave?

Answer "Yes" or "No."

_Yes_

### Question No. 3

Has Plaintiff proved by a preponderance of the evidence that Defendant retaliated against Plaintiff because Plaintiff took FMLA leave?

Answer "Yes" or "No."

_No_

**Question No. 4**

    Has Plaintiff proved by a preponderance of the evidence that Defendant retaliated against Plaintiff under Section 1981 because Plaintiff made a good-faith report of race discrimination?

    Answer "Yes" or "No."

    _____No_____

**Question No. 5**

*Answer only if you answered "yes" to Questions No. 3 or 4;*

    Has Plaintiff proved by a preponderance of the evidence that Mary Kay deliberately made her working conditions so intolerable that a reasonable person would have felt compelled to resign because Plaintiff took FMLA leave or because she made a good-faith report of race discrimination?

    Answer "Yes" or "No."

    _____N/A_____

**Question No. 6**

*Answer only if you answered:*
*(a) "no" to Question No. 2;*
    *OR*
*(b) "yes" to Questions No. 3 or 4;*

    What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Defendant caused Plaintiff because of violations of the FMLA or Section 1981?

    Answer in dollars and cents, or zero, for the following items, and none other:

Wages, salary, employment benefits, or other compensation denied or lost:

    $ _____N/A_____

Page 14 of 18

**Question No. 7**

*Answer only if you answered "yes" to Question No. 4*

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Defendant caused Plaintiff?

Answer in dollars and cents, or zero, for the following items, and none other:

Emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life:

$  N/A

**Question No. 8**

*Answer only if you answered "yes" to Question No. 4*

Did a managerial employee of Mary Kay, while acting in the course and scope of employment, unlawfully retaliate against Plaintiff for making a good-faith report of race discrimination, and did that employee do so with malice or reckless indifference to Plaintiff's rights under Section 1981?

Answer "Yes" or "No."

 N/A

**Question No. 9**

*Answer only if you answered "yes" to Questions No. 4 and 8*

Did Defendant prove by a preponderance of the evidence that it made good-faith efforts to comply with the requirements of Section 1981, and that any retaliatory acts by its managerial employees were contrary to such efforts?

Answer "Yes" or "No."

 N/A

## JURORS' DUTIES AND DELIBERATIONS, COMMUNICATION WITH COURT

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

During the trial, the court reporter made a verbatim record of the proceedings. The court rules do not provide for testimony to be produced for the jury in written form, or for testimony to be read back to the jury as a general aid in refreshing juror's memories. In limited circumstances, the Court may direct the court reporter to read testimony back to the jury in open court. This is done, however, only when the jury certifies that it disagrees as to the testimony of a particular witness, and identifies the specific testimony in dispute.

When you retire to the jury room to deliberate, you will be given this charge and the exhibits that the Court has admitted into evidence. Then select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached a unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. Unless instructed otherwise, you are not to disclose your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the

Court Security Officer, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so. You may now retire to the jury room to conduct your deliberations.

DATED: September 25, 2012

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

**VERDICT OF THE JURY**

      We, the jury, have answered the above questions as indicated, and return the same to the Court as our verdict.

DATE: September 26, 2012.

_____

**Foreperson**